IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:23-cr-313-ECM |
| | )                [WO] |
| TOMMY LEE KILLINGSWORTH, JR. | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Tommy Lee Killingsworth, Jr. ("Killingsworth") is charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On December 15, 2023, Killingsworth filed a motion to suppress "any and all evidence obtained pursuant to an unreasonable search and seizure at the Defendant's apartment on May 1, 2023," in particular the firearms supporting the charge in this case. (Doc. 29 at 1). At the evidentiary hearing on the motion to suppress, the Magistrate Judge heard testimony from Killingsworth and Task Force Officer Abate Desta ("TFO Desta"). After the evidentiary hearing, the Magistrate Judge found that Killingsworth consented to the officers' entry into his apartment, that the seized firearms were in plain view, and that the search and seizure did not violate the Fourth Amendment; thus, the Magistrate Judge recommended that the Court deny the motion to suppress. (Doc. 34). On January 19, 2024, Killingsworth filed objections to the Magistrate Judge's Recommendation. (Doc. 45). Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that Killingsworth's objections are due to be

overruled, the Magistrate Judge's Recommendation is due to be adopted, and the motion to suppress is due to be denied.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "[A]lthough *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his Recommendation, the Magistrate Judge found TFO Desta's testimony to be credible and Killingsworth's testimony to be "less than credible." (Doc. 34 at 8–9).

Killingsworth's objections relate to the Magistrate Judge's credibility determinations. He argues that law enforcement officers are "experienced witnesses," educated, and "actually trained to testify," while Killingsworth is not. (Doc. 45 at 2). Killingsworth also argues that, contrary to the Recommendation's findings, he did not change his testimony.

This Court "defer[s] to the magistrate judge's [credibility] determinations unless his understanding of the facts appears to be 'unbelievable.'" *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted); *see also United States v. Figueroa*, 419 F. App'x 973, 978 (11th Cir. 2011) (per curiam). The Court has reviewed the transcript from the suppression hearing, the Magistrate Judge's Recommendation, and Killingsworth's objections. The Court concludes that the Magistrate Judge's reasoning for finding that TFO Desta's testimony was credible and that Killingsworth's testimony was less than credible is persuasive, supported by the testimony, and not unbelievable; Killingsworth's objections are insufficient to undermine the Magistrate Judge's credibility findings. Additionally, the Court concludes that the Magistrate Judge's credibility determinations and his factual findings support his legal conclusion that, on this record, the search of Killingsworth's home and the seizure of the firearms did not violate the Fourth Amendment. Killingsworth's objections to the Magistrate Judge's credibility determinations are due to be overruled.

In his objections, Killingsworth also states that his counsel has discovered a witness, Lily Hardy ("Hardy"), who will support Killingsworth's testimony and "contradict the Government's testimony that the apartment had been searched and firearms were outside

before Mr. Killingsworth [sic] shoes were retrieved and brought to him outside the apartment." (Doc. 45 at 2). To the extent Killingsworth requests that the Court consider new evidence in the form of Hardy's testimony, the Court declines to do so for several reasons. First, this evidence was not presented to the Magistrate Judge. Second, and relatedly, Killingsworth does not suggest that the witness's testimony was unavailable to be presented to the Magistrate Judge. Third, Killingsworth does not provide details of the witness's anticipated testimony other than the conclusory assertion that she would contradict certain of the Government's testimony. Considering this evidence would require an additional evidentiary hearing to hear testimony from Hardy and assess her credibility. Under the circumstances of this case, the Court finds such action unwarranted.

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows that:

1.   The Defendant's objections (doc. 45) are OVERRULED;

2.   The Recommendation of the Magistrate Judge (doc. 34) is ADOPTED; and

3.   The Defendant's motion to suppress (doc. 29) is DENIED.

Done this 1st day of February, 2024.

                          /s/ Emily C. Marks  
                         EMILY C. MARKS  
                         CHIEF UNITED STATES DISTRICT JUDGE